*Ducker, Baker, for appellant.*

---

THOMAS A. P. CHAMPLIN *v.* BETZ AND SCHRAEFFENBERGER.

**Pleading Counter-Claim—What Constitutes—Answer Alleging Payment.**
    An answer setting forth facts sufficient to constitute a counter-claim must be so regarded, although it is not denominated as such.
    A counter-claim must be a cause of action arising out of the transaction set forth in the petition or connected with the subject of the action. An answer alleging payment, merely, presents no cause of action.

**Evidence—When Writing May Be Offered.**

When a writing purporting to have been executed by one of the parties is referred to and filed with a pleading, it may be read as genuine unless its genuineness is denied by affidavit before trial.

**Evidence—Account Filed—Memorandum.**

A memorandum in writing or an account filed as an exhibit and referred to in the pleadings cannot be read as evidence on the trial.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 7, 1871.

OPINION BY JUDGE PRYOR:

The appellees instituted this action in the mayor's court of Newport against the appellant to recover the sum of $70.60, the balance alleged to be due for horse and buggy hire. A judgment was rendered in that court against the appellant, and an appeal taken to the circuit court of the county. In the circuit court a judgment was rendered against appellant for the amount claimed, and the case is now before this court on appeal. The evidence introduced by the appellees sustained this claim, and the only questions presented in the record are, first, upon the refusal of the court at the instance of the appellant to instruct the jury to find for him the amount claimed in his answer so far as it exceeds the demand of the appellees, and, secondly, did the court err in excluding from the jury as evidence the account filed by appellant with his answer and offered by him to be read on the trial. There was no evidence offered by the appellant on trial, except this account, in support of his defense, and the instruction was based upon the idea that the answer was a counterclaim, and appellees having failed to respond to it, the allegations are to be taken as true. The answer, after admitting certain portions of appellees' demand, alleges that appellant had advanced to the appellees at various times the sums of $20.00, $30.00 and $40.00, and that the two first items could be seen by reference to the credits given him on the account filed with the petition. In the absence of any allegations to the contrary, the only presumption to be indulged in is that these several sums of money were payments on his indebtedness to appellees, and

the answer is only a plea of payment and not a counter-claim. An answer setting forth facts sufficient to constitute a counter-claim must be so regarded, although it is not denominated as such. A counter-claim must be a cause of action arising out of the transaction set forth in the petition, or connected with the subject of the action. *Tinsley v. Tinsley, etc.*, 15 *B. Monroe* 460. An answer alleging payment merely presents no cause of action. The court properly refused to permit the account filed with defendant's answer to be read to the jury. There was no proof that it was rendered by appellees or in their handwriting. *Section 588, Code of Practice*, reads as follows: "When a writing purporting to have been executed by one of the parties is referred to, and filed with a pleading, it may be read as genuine unless its genuineness is denied by affidavit before the trial is begun." This section applies to writings executed, that is signed or purporting to have been signed by the party against whom it is offered to be read. (*Breden v. Betteson, M. S. Opinion, January*, 1853. A memorandum in writing with no signature affixed to it, or an account filed as an exhibit and referred to it in the pleadings, although alleged to have been rendered by the party sought to be charged, is not embraced by this section of the code. Such writings can not be read except in cases where the party against whom they are pleaded is required to respond and fails to do so. The judgment of the court below is affirmed with damages.

*Holland, for appellant.*